IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHARLES E. OWEN,**

    **Plaintiff,**

**vs.**                                                          **Case No. 4:14cv460-RH/CAS**

**CORIZON HEALTH, INC.,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983 on August 28, 2014. By separate Order entered this day, Plaintiff has been required to submit an amended complaint to cure various deficiencies in the original complaint.

    On September 24, 2014, Plaintiff filed a motion for preliminary injunction. Doc. 5. Plaintiff seeks an Order which would require medical staff to send Plaintiff for an M.R.I. to properly diagnose his lower back injury. *Id.* Plaintiff contends that only x-rays have been performed thus far, revealing spinal compression and a herniated disc. *Id.* Plaintiff fears permanent damage, including paralysis if he is not given adequate and proper medical care. *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff's original complaint has been found insufficient to properly state a claim and Plaintiff has been required to submit an amended complaint, Plaintiff has not met all four prerequisites for injunctive relief.  Moreover, Plaintiff's requested relief is for more diagnostic testing to be performed.  A prisoner states an Eighth Amendment claim if he alleges facts which reveal that a defendant has been deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed.

2d 251 (1976).  It is well established that a complaint which alleges that more should have been done in the way of diagnosis (such as an MRI) is an insufficient basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

Estelle, 429 U.S. at 107, 97 S. Ct. at 293.  Plaintiff's motion for a preliminary injunction is insufficient as presented because Plaintiff has not shown a likelihood of success.  Both the complaint and the instant motion request further evaluations and diagnosis.  Plaintiff has a right to medical care and treatment for serious medical needs, but he has no constitutional right to demand particular diagnostics or treatment by specialists such as a neurosurgeon.  See doc. 1 at 16.  Plaintiff's motion for a preliminary injunction, doc. 5, should be **DENIED**.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 5, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 25, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv460-RH/CAS